IN RE DISBARMENT OF CHARLES P. HOWARD, Attorney at Law.

No. 45286.

JANUARY 21, 1941.

John M. Rankin, Attorney General, Jens Grothe, Assistant Attorney General, and W. B. Sloan, for grievance committee.

Volney Diltz, S. Joe Brown, and William P. Welch, for appellant.

SAGER, J.—This proceeding was initiated by the grievance committee of the Polk County Bar Association. In addition to the general charge that Howard had "on numerous occasions violated the ethics of the profession," there were listed four specific instances of alleged misconduct. Of these one was dismissed by the state; another was not supported by sufficient evidence. There were considered at the trial two alleged delinquencies not listed in the formal charge. Since the judgment from which this appeal is taken is one of suspension and not of disbarment, we purposely refrain from an extended narration of the facts. Spreading them in detail on the permanent records of this court could serve no useful purpose and might hamper the efforts of respondent to reestablish himself as a practitioner in good standing.

It should be said that no complaint is made that Howard was ever unethical in his dealings with the courts. Hon. Russell Jordan, one of the judges of the district court, who had known this attorney since he began practice, was asked about his reputation in that regard and answered that it was good. Judge Jordan further stated:

"* * * I think I have never heard any criticism of him ethically as an attorney; and I think no occasion has come to my attention in connection with legal matters that would reflect any discredit upon him as an attorney until the petition in this case was filed a month or so ago."

Hon. Loy Ladd, another judge, testified substantially the same and the record contains a stipulation that the four other judges of the ninth district would, if called, testify to the same effect.

Notwithstanding these opinions the trial court found against the respondent this:

"As to the accusation dealing with the Martin Estate, the Court finds that Charles P. Howard qualified as administrator of the Estate of Jeff Martin, deceased, by filing bond, on March 2d, 1938. That thereafter, and in June, 1939, and after being called upon for an accounting, the said Howard admitted a shortage in his accounts with said estate in the sum of $900.00. The record shows that this shortage was replaced by Howard,

but that thereafter, on an attempted distribution by said Howard of the funds of this estate, distribution checks in the sum of $248.39 were returned unpaid for want of funds. That on August 15th, 1939, or shortly prior thereto, a summary judgment was entered against said Howard and his bonding company on account of said shortage in said sum of $248.39, which amount was by the bonding company paid to said estate. That thereafter, and on March 12th, 1940, the said claim of the bonding company on account of said judgment was satisfied, and said judgment released of record."

An examination of the transcript supports this finding. Indeed it is not denied. The accused offers in extenuation that many months of disabling sickness prevented him from practicing his profession and that being thereby reduced to straitened circumstances, he used the money of the estate. Like many another in a similar situation, he hoped to restore the money so appropriated but when the time of reckoning came, replacement could not be made. The necessities of an attorney, however urgent, cannot justify the use of trust funds for his personal needs. It is urged that the funds so used have been repaid and that nothing was lost to the estate. This does not relieve from the liability incurred. In re Disbarment of Cloud, 217 Iowa 3, 250 N. W. 160; 7 C. J. S., Attorney and Client, section 25 (c).

However, there are in the record before us many circumstances which extenuate, if they do not excuse, the conduct of this lawyer and upon a careful consideration of these circumstances, we are persuaded that justice will be subserved by mitigating the period of suspension from the practice for a term of six months from the date of the filing of this opinion.

The stay order heretofore issued herein is revoked. As above modified, the judgment of the special court is affirmed.—Modified and affirmed.

BLISS, MITCHELL, OLIVER, MILLER, and STIGER, JJ., concur.

HALE, C. J., and WENNERSTRUM and GARFIELD, JJ., would affirm without modification.